### INVALID PROCEEDINGS FOR ISSUE OF SCHOOL BONDS.

Circuit Court of Auglaize County.

L. W. KATTMAN FOR HIMSELF AND OTHERS, PLAINTIFFS IN ERROR,
v. THE BOARD OF EDUCATION OF THE NEW KNOXVILLE
SCHOOL DISTRICT OF AUGLAIZE COUNTY, ET
AL, DEFENDANTS IN ERROR.

Decided, November Term, 1911.

*Schools—Written Notice of Special Meeting—Necessary to Render Action Valid—Section 4751.*

Proceedings of a school board providing for an issue of bonds are invalid, where the action pertaining thereto was taken at a special meeting from which one member was absent, and no written notice of the meeting had been served on each member of the board either personally or at his residence or usual place of business.

*Hoskins & Stout* and *C. A. Stueve,* for plaintiffs in error.
*Theo. Tangeman,* Prosecuting Attorney, and *Goeke, Anderson & Musser,* contra.

CROW, J.; DONNELLY, J., and KINDER, J., concur.

An action is brought by Mr. Kattman and those for and on whose behalf he sues, and it sets forth certain proceedings re-

sulting in a proposal to issue two certain sets of bonds of the bonds of the defendant board of education.

By a concession of counsel for defendant in open court we are relieved of the necessity of making any reference to the $3,200 of bonds referred to in the petition and in the second defense to the answer. The facts, without going into detail, in the averments of the petition are substantially with reference to the other disputed matter, towit, the thirteen thousand dollars of school bonds, and are as follows:

On April 12th and possibly for some time prior thereto it was generally known, this in 1911, that it was proposed by the board of education of New Knoxville school district to issue $13,000 of bonds to provide for the erection of a new school house. There had been a mass meeting on the 12th of April, 1911, at which apparently it was generally known throughout that school district and especially within the limits of New Knoxville, which comprises the greater part of the district, that it was proposed to provide a new school house. The number of members of the board of education at that time was five. On the 12th, the five members held what might be called an informal meeting or caucus at which it was agreed that the board would take the necessary steps to provide for the issuing of the bonds. The evidence clearly shows, in fact it is not disputed, that there was no notice of the informal meeting of April 12th, but it was arranged that on the following evening the members of the board would meet as regularly as they then could and take the necessary preliminary steps leading up to the issue of the bonds. This was known to all the members, and on the night of the 13th a meeting was held at which all the members excepting one were present, and there by the unanimous action of those present the preliminary steps were regularly taken. Much of the petition and a great deal of the arguments were devoted to a discussion of the limitation of the power of the board to issue bonds, the interpretation and application of the Smith one per cent. tax maximum rate and the time of the passing of the notices of the election, but the disposal we make of the case renders unnecessary any allusion to those features of this case.

The validity of the meeting of April 13th is directly challenged. An interpretation of Sections 4750 and 4751 of the General Code, in connection with the notice given, which will be later discussed, we think determines the proper disposition to be made of this case.

Section 4750 provides:

"The board of education shall make such rules and regulations as it deems necessary for its government and the government of its employes and the pupils of the schools. No meeting of a board of education, not provided for by its rules or by law, shall be legal, unless all the members thereof have been notified, as provided in the next section."

Section 4751 reads as follows:

"A special meeting of a board of education may be called by the president or clerk thereof or by any two members, by serving a written notice of the time and place of such meeting upon each member of the board either personally or at his residence or usual place of business. Such notice must be signed by the official or members calling the meeting."

So that, by the direct language of Section 4750 a meeting, such as was had and at which the preliminary steps were taken, the meeting of April 12, 1911, is prescribed.

It is urged by counsel that the case of *Young* v. *the Village of Rushylvania*, 8 C. C., 75, however, renders inapplicable the reasoning, rather renders inapplicable the provisions of Section 4750 of the General Code. This case is reported at 8 C. C., 75, and it should be stated was by a divided court, Judge Seney dissenting:

"A meeting of the village council consisting of six members, was called by the mayor for October 29th. The members were all notified of the time, place and purpose of the meeting, which was to transact some particular business, 'and for other business coming before the council.' The notice to meet does not appear to have been in writing. At the time and place fixed for meeting, the mayor and five members met and acted as a body and transacted business. *Held:* The meeting was valid."

The statute in force and which was being analyzed and passed on in this case, Section 1677, did not require that the notice should be in writing. It provided that the notice should be served personally upon the members of the board, such a notice as that could be served orally and hence the decision resting on that ground meets our approval, but there was absent from the statute under consideration in the 8 C. C., at page 75, any prohibition or any declaration of the invalidity of any such meeting so held. It has been the apparently continued effort of the law making body so far as the administration of the school laws were concerned, to throw such safeguards about the meetings that no meeting could be held unless notices thereof should be given in writing. That was not done, and in the view of the case that is such a material infirmity in these proceedings that the remaining steps, apparently regular and lawful, are of no force and can not avail as authority for the issuing of the thirteen thousand dollars of bonds. It may be said in passing that while it is not necessary for us to decide whether this notice was or was not defective, we are inclined to the holding that it was defective in that it proposed, in the notice of the election, that the issue of the bonds should be in conformity to Section 7625 of the Revised Statutes of Ohio at that time.

So that, without further comment we find for the plaintiffs. A decree will be entered accordingly, costs will be adjudged against the defendants and the injunction heretofore issued will be made perpetual, and execution is awarded for costs and the case will be remanded to the court of common pleas for execution.